```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

JOSEPH PIMENTEL, on his own behalf
and others similarly situated,

                        Plaintiff,

vs.                                        Case No. 2:12-cv-176-FtM-29DNF

HGA QUEST, INC, a New York
Corporation, HARVEY GERSTMAN
ASSOCIATES, INC., a New York
Corporation, QUEST SERVICE GROUP,
LLC, a New York Limited Liability
Company,

                        Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Conditional Certification (Doc. #36) filed on February 15, 2013. Defendants filed a response in opposition on March 15, 2013.[1] (Doc. #43.) For the reasons set forth below, the motion is denied.

### **I.**

On March 28, 2012, plaintiff Joseph Pimentel (Pimentel or plaintiff) filed a Complaint (Doc. #1) against defendants HGA Quest, Inc., Harvey Gerstman Associates, Inc., and Quest Service Group, LLC (collectively, defendants) on his own behalf and on behalf of other similarly situated individuals for overtime compensation relief under the Fair Labor Standards Act (FLSA).

---

[1] Defendants' motions for an enlargement of time to file their response were granted by the Court. (Docs. ##38, 41). Therefore, the response is timely.

Pimental alleges that between March 2009 and February 2012, he worked for defendants in a position entitled "Project Leader". (Doc. #1, ¶2.)  Plaintiff asserts that he has performed work in excess of forty-hours per week for which he did not receive overtime pay because he was incorrectly classified as exempt under the FLSA and compensated on a salaried basis.  (Id. at ¶¶14-17.)  The Complaint alleges that "[t]he additional persons who may become Plaintiffs in this action are Defendants' current and former employees who have worked in the position of 'Project Leader' at any of Defendants' locations throughout the United States between March 2009 and the present . . ."  (Doc. #1, ¶13.)

Pimental now seeks conditional certification as a collective action.  Pimental further requests that the Court facilitate the notice to potential collective action plaintiffs.

**II.**

An action to recover unpaid overtime compensation, 29 U.S.C. § 207, under the Fair Labor Standards Act (FLSA), may be maintained "against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).  The purpose of such a collective

action is "to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." Prickett v. Dekalb Cnty., 349 F.3d 1294, 1297 (11th Cir. 2003). To demonstrate that plaintiffs are "similarly situated", a opt-in plaintiff "need show only that their positions are similar, not identical, to the positions held by the putative class members." Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001) (quotations and citations omitted). The Eleventh Circuit has adopted a two-tiered approach to certification, as described in Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995):

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. . . .

Hipp, at 1218. Plaintiff must show that there are other employees who desire to "opt-in" and who are "similarly situated" before giving notice. Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567

(11th Cir. 1991).  The named plaintiff must show a "reasonable basis" for his claim that there are other similarly situated employees.  Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008) (citations omitted).  At the first stage, the Court applies a "fairly lenient standard", Anderson v. Cagle's Inc., 488 F.3d 945, 953 (11th Cir. 2007), although there must be more than counsel's unsupported assertions, Morgan, 551 F.3d at 1261.

### III.

After comparing the Complaint with the motion for conditional certification, the Court finds the motion is due to be denied.  Although not raised by defendant, the Court finds that the description of the group of employees who are to be certified does not match the description of the employees in the Complaint.

The Complaint consistently refers to plaintiff and similarly situated employees as "Project Leaders."  (Doc. #1, ¶¶ 2, 10, 13-15, 17, 21-23, 25.)  It further asserts that Project Leaders were wrongfully characterized as exempt from the FLSA and paid an hourly salary.

The motion to certify, however, seeks to certify employees who are "Senior Project Leaders."  Within the motion, plaintiff complains that "Defendants pay all **SPLSs [Senior Project Managers]** a **salary**, which is not significantly greater than non-exempt, **hourly** paid **Project Leaders** who receive overtime for the hour [sic]

-4-

they work over 40 in a work week . . ." (Doc. #36, p. 11)(emphasis added). The crux of plaintiff's argument is that Project Leaders and Senior Project Leaders had essentially the same duties and therefore Senior Project Leaders should have been paid on an hourly basis like their Project Leader counterparts. The Complaint, however, makes no reference to "Senior Project Leaders."

In support of the motion to certify, plaintiff provided his own affidavit as well as the affidavits of two opt-in plaintiffs. (Docs. #36-1; 36-2.) Therein, each individual describes their position as that of a Senior Project Leader. No reference to Project Leader is included. Plaintiff also provides the deposition of Matilde Tysz (Tysz), the Chief Operating Officer for defendants. (Doc. #36-3.) Therein, she testifies that there are three categories of full-time positions within defendants' company: Associates, Project Leaders, and Senior Project Leaders. (Id., 31:8.) Tysz further testifies that Project Leader positions are compensated on an hourly basis while Senior Project Leaders receive salaried compensation. (Id., 63:16-25; 64:1-16.)

For this reason, the motion to conditionally certify the class is denied. Plaintiff will be provided an opportunity to file an Amended Complaint, should he so choose, or an amended motion to certify a more precisely defined collective action.

Accordingly, it is now

**ORDERED:**

1.   Plaintiff's Motion for Conditional Certification (Doc. #36) is **DENIED**.

2.   Plaintiff may file an Amended Complaint or an amended motion to certify within **twenty-one (21) days** of the entry of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of April, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record